# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-cv-01039-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(Doc. 18) |

      Plaintiff William Gonzalez is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 21, 2009, plaintiff filed a motion seeking a preliminary injunction mandating that he be provided with the prescribed medication for his vertigo on a regular basis. On the date of his motion, he alleged that he had not received his medication for the two prior weeks. As a result, plaintiff felt dizzy and off-balance and experienced nausea.

      A preliminary injunction preserves the status quo if the balance of equities favors the moving party so strongly that justice requires court intervention to secure the parties' positions until the lawsuit is ultimately resolved on its merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). To secure a preliminary injunction, a plaintiff must demonstrate "either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." *Arcamuzi v. Continental Airlines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). Under either approach, the plaintiff "must demonstrate a significant threat of irreparable injury." *Id.* No injunction should issue if the

1  plaintiff fails to demonstrate "a fair chance of success on the merits, or questions serious enough
2  to require litigation." *Id.*  "[A] preliminary injunction is an extraordinary and drastic remedy,
3  one that should not be granted unless the movant, *by a clear showing*, carries the burden of
4  persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*quotations and citations
5  omitted*).  A mandatory preliminary injunction such as the one plaintiff seeks here "is subject to
6  heightened scrutiny and should not be issued unless the facts and the law clearly favor the
7  moving party." *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).
8  Although the court is sympathetic to plaintiff's discomfort, his allegations of omitted
9  medications do not meet the stringent requirements for the grant of a preliminary injunction.

10       In addition, plaintiff does not name the parties against whom the injunction is to be
11  entered.  Neither MTA Brewer nor Warden Yates, the defendants in the underlying lawsuit, is
12  likely responsible for complete suspending administration of plaintiff's medication.   In any
13  event, the court may not issue an order against a person or entity that is not a party to the suit
14  pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969).

15       Accordingly, the court HEREBY DENIES plaintiff's July 21, 2009, motion for a
16  preliminary injunction.

20  IT IS SO ORDERED.

21  **Dated:    November 24, 2009**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE