# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GONZALEZ, | CASE NO. 1:05-cv-01039-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE ANY CLAIMS, AND DIRECTING THE CLERK'S OFFICE TO ENTER JUDGMENT |
| v. | |
| JAMES YATES, et al., | (Doc. 25) |
| Defendants. | |

## Screening Order

**I.   Procedural History**

Plaintiff William Gonzalez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 12, 2005. On November 7, 2006, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed a first amended complaint on December 11, 2006, and on October 3, 2008, the Court issued an order finding that Plaintiff's amended complaint stated a claim against Defendant Brewer but did not state any other claims, and dismissing the complaint with leave to amend. Plaintiff filed a second amended complaint on December 31, 2008, and on November 24, 2009, the Court dismissed the second amended complaint for failure to state any claims. Because Plaintiff had previously stated one cognizable claim but omitted facts in his second amended complaint, the Court gave Plaintiff

another opportunity to amend.[1]  Now pending before the Court is Plaintiff's third amended complaint, filed March 11, 2010.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## III. Plaintiff's Claims

Plaintiff, who was housed at Pleasant Valley State Prison (PVSP) in Coalinga during the relevant events, brings this action against Warden James Yates, Chief Medical Officer H.D. Sacks, Medical Technical Assistants Haven and Brewer, and Does 1-20. Plaintiff alleges a claim for violation of the Eighth Amendment of the United States Constitution arising out of an injury he

---

[1] In addition, there had been an intervening and "significant" change in the pleading standard to which Plaintiff's complaint is held. Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). The order granting Plaintiff leave to file a third amended complaint set forth the new standard for assessing whether a complaint states a claim.

2

sustained and the medical care subsequently provided, a conspiracy claim under 42 U.S.C. § 1986, and a claim for intentional infliction of emotional distress under California law.

### A. Medical Care Claims

#### 1. Allegations

On September 30, 2003, Plaintiff slipped on a wet floor in his housing unit at PVSP and fell, injuring his head, neck, and body. Defendant Haven responded to the scene and began to manipulate and twist Plaintiff's neck, continuing to do so even though Plaintiff told him it was causing excruciating pain and discomfort. As a result of the "unreasonable" medical care rendered, Plaintiff ended up having to wear a cervical collar for an extended period of time, and continues to suffer from pain and discomfort. (Doc. 25, 3rd Amend. Comp., ¶20.)

Plaintiff was transported to the prison's hospital following his fall, and was seen by Dr. Kushner. Plaintiff was hospitalized until October 2, 2003. Upon discharge, Plaintiff was prescribed Motrin, 800 mg. twice a day, for back pain, and told to see a medical technical assistant if he got a headache. (Ex. 1.)

On October 3, 2003, Plaintiff informed Defendant Brewer that he was experiencing extreme pain and discomfort, and showed Brewer his discharge instructions. Defendant Brewer refused to provide assistance, thereby denying Plaintiff "access to reasonable medical care." (3rd Amend. Comp., ¶23.) Another unidentified staff member told Plaintiff he was on the staff's "shit list." (Id.)

On November 24, 2003, Dr. Kushner issued a chrono requiring that Plaintiff be given a lower bunk but the chrono was not sent to Plaintiff's housing unit and he remained on an upper bunk. (Ex. 2.) Also, on December 2, 2003, Plaintiff was diagnosed with vertigo and given medication, but he remained assigned to an upper bunk. (Ex. 3.) On December 24, 3003, Plaintiff fell from the upper bunk, exacerbating his injuries.

#### 2. Legal Standard

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

3

civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### 3. Discussion

Plaintiff's allegations falls short of stating any plausible claims for violation of the Eighth Amendment arising from constitutionally inadequate medical care. Iqbal at 1949-50; Moss at 969. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Toguchi at 1057 (quoting Farmer, 511 U.S. at 837).

Plaintiff's factual allegations do not support a claim that in manipulating Plaintiff's neck at the scene of his injury, Defendant Haven knowingly disregarded an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 837. Further, Plaintiff's conclusory allegation that Defendant Brewer failed to provide assistance is insufficient to support a claim that Defendant Brewer acted with deliberate indifference, Farmer at 837, or that Plaintiff suffered further harm as a result, McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). Finally, the failure to ensure that Plaintiff was given a lower bunk is not linked to any particular staff member.

Defendants Yates and Sachs hold supervisory positions. Under section 1983, Plaintiff must show that a defendant holding a supervisory position personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his subordinates only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, there are no facts suggesting that Defendants Yates and Sachs were personally involved in Plaintiff's medical care. Rather, Plaintiff is attempting to impose liability on Defendants based on the failings of subordinate medical staff. There is no indication that Defendants were personally involved in the alleged violation of Plaintiff's rights, and Defendants may not be held liable under section 1983 for constitutional violations committed by subordinate staff members.

Plaintiff's allegations do not show more than the mere possibility of misconduct by Defendants Haven and Brewer, and do not show any misconduct by Defendants Yates and Sachs. Plaintiff therefore fails to state a claim upon which relief may be granted for violation of the Eighth Amendment. Iqbal at 1949-50; Moss at 969. Plaintiff was previously given the applicable legal standards and permitted multiple opportunities to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's claim shall be dismissed, with prejudice.

**B.     Conspiracy Claim**

Plaintiff alleges that Defendants conspired against him in violation of section 1986. "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994). A viable section 1986 claim is dependant upon the existence of a section 1985 claim, McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992), and a

///

viable section 1985 claim is in turn dependent upon the existence of a section 1983 claim, <u>Thornton v. City of St. Helens</u>, 425 F.3d 1158, 1168 (9th Cir. 2005).

Other deficiencies notwithstanding, Plaintiff's third amended complaint does not state a cognizable claim for violation of the Eighth Amendment.[2]  Therefore, Plaintiff may not pursue the claim that Defendants conspired to violate his Eighth Amendment rights.  Plaintiff's claim fails as a matter of law and shall be dismissed, with prejudice.

### C. IIED Claim Against All Defendants

Finally, Plaintiff alleges a claim for intentional infliction of emotional distress (IIED) arising out of the denial of access to reasonable, adequate medical care.  The elements of IIED are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  <u>Simo v. Union of Needletrades, Industrial & Textile Employees</u>, 322 F.3d 602, 621-22 (9th Cir. 2003) (citing to <u>Christensen v. Superior Court</u>, 54 Cal.3d 868, 903 (1991)) (quotations omitted).

Plaintiff's allegations simply do not support a claim that Defendants acted in an extreme and outrageous manner designed to cause, or with the reckless disregard of the probability of causing, emotional distress.  Because the deficiency at issue is not capable of being cured, the claim is dismissed, with prejudice, for failure to state a claim.[3]

## IV. Conclusion and Order

Plaintiff's third amended complaint fails to state any claims upon which relief may be granted.  Plaintiff was previously given notice of the deficiencies and the opportunity to amend, and

---

[2] An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3), and Plaintiff's complaint is devoid allegations suggesting discriminatory conduct.  <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1028-1030 (9th Cir. 1985).

[3] Had the claim been either cognizable or capable of being cured through amendment, dismissal without prejudice for lack of subject matter jurisdiction would have been appropriate.  28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).

6

1  based on the record in this case, further leave to amend is not warranted.  <u>Lopez</u>, 203 F.3d at 1130;
2  <u>Noll</u>, 809 F.2d at 1448-49.  It is HEREBY ORDERED that:
3       1.    This action is dismissed, with prejudice, for failure to state a claim;
4       2.    This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
5       3.    The Clerk's Office shall enter judgment.

IT IS SO ORDERED.

**Dated:   July 13, 2010**                                 /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE